UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON ERNST,

                Plaintiff,

v.

CROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

                Defendant.

CASE NO. C12-5297 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16) and Plaintiff Jason Ernst's ("Ernst") objections to the R&R (Dkt. 17).

On January 29, 2013, Judge Strombom issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision to deny benefits to Ernst. Dkt. 16.  On February 12, 2013, Ernst filed objections.  Dkt. 17.  On February 21, 2013, the Government responded.  Dkt. 18.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Ernst's two objections are identical to the issues Ernst identified in his opening brief: (1) whether the ALJ properly considered the opinions and evidence which shows that Ernst cannot perform competitive work activity and (2) whether the ALJ gave specific and legitimate reasons for rejecting the opinions of Norma Brown, Ph.D ("Dr. Brown").  Dkt. 10 at 1; Dkt. 17 at 2.

## A.  Competitive Work Activity

Ernst argument's on this issue is confusing.  Ernst states that "the ALJ is required to consider all of the evidence in determining whether Plaintiff is disabled and to explain why significant and probative evidence was rejected."  Dkt. 17 at 3 (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984)).  With regard to considering all the evidence, the ALJ specifically cited the consulting psychologist's sentence that is in dispute.  Tr. 20 ("I agree that he would be a good candidate for a program such as DVR that would help him with the process of finding suitable employment and hopefully also provide ongoing vocational support.").  It is an illogical conclusion that the ALJ failed to consider a sentence that he specifically cited and included in his written opinion.  Dkt. 17 at 5 ("this is significant probative evidence that should have been considered and addressed by the ALJ.").  Therefore, neither Judge Strombom nor the ALJ erred on the issue of consideration.

With regard to addressing all the evidence, Ernst argues that the psychologist's recommendation is significant and probative evidence. If a claimant's impairments prevent him from doing "ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may be sufficient to show that [the claimant is] not working at the substantial gainful activity level." 20 C.F.R. § 404.1573(b). Ernst argues that the psychologist's recommendation that a specific program would help him find and maintain employment "is an opinion that Plaintiff would require 'more supervision or assistance than is usually given other people doing similar work.'" Dkt. 17 at 4. The Court disagrees because Ernst ignores the "other people doing similar work" element of that regulation. If Ernst required more supervision or assistance than other people in the assistance program, then he would not be a good candidate for the program. Therefore, the Court finds Ernst's objection on this issue to be without merit and adopts the R&R on this issue.

**B.    Dr. Brown**

Where an ALJ does not adopt the opinion of a treating or examining physician, the ALJ must provide specific and legitimate reasons for rejecting that opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

In this case, Ernst argues that the ALJ erred by not giving specific and legitimate reasons for rejecting the opinion of an examining physician. The ALJ opinion provides as follows:

> In April of 2010, DSHS consulting psychologist Norma Brown Ph.D gave the claimant a Global Assessment of Functioning (GAF) score of 35 (13F). She opined marked to severe cognitive limitations and no to

1     moderate social limitations. She noted that the claimant may have mild mental retardation, and would likely need to work in a sheltered work environment that provides one-to-one supervision. Dr. Brown's opinion is consistent with her clinical findings, but is inconsistent with the medical record as a whole. As noted above, upon examination in 2009, the claimant performed relatively well on mental status exam and described relatively intact daily activities. It does not appear that she had the opportunity to review the claimant's 2009 W AIS-III test scores. In addition, she did not adequately consider the fact that the claimant worked successfully at Safeway and reported that he lost the job due to partying too much. For these reasons, the undersigned gives Dr. Brown's opinion little weight.

Tr. 22. The Court finds, as did Judge Strombom, that the ALJ provided specific and legitimate reasons for discounting Dr. Brown's opinion. Therefore, the Court adopts the R&R on this issue.

The Court having considered the R&R, Ernst's objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED**;

(2)    The ALJ's decision to deny benefits is **AFFIMRED**; and

(3)    This action is **DISMISSED**.

Dated this 22nd day of March, 2013.

                              BENJAMIN H. SETTLE
                              United States District Judge

ORDER - 4